IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MOUNT JULIET LEAGUE, INC

    Plaintiff,

vs.

NATIONAL SOFTBALL ASSOCIATION
INC., and LEXINGTON INSURANCE
COMPANY,

    Defendants.

**NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION:**

    Defendant Lexington Insurance Company ("Defendant"), hereby files this Notice of Removal for purposes of removing the above-captioned matter from the Chancery Court of Tennessee for Wilson County to the United States District Court for the Middle District of Tennessee, Nashville Division.

    In support of same, Defendant respectfully states as follows:

    1.    On September 27, 2016, Plaintiff filed an action styled *Mount Juliet League, Inc. v National Softball Association Inc. and Lexington Insurance Company,* Docket No. 2016CV350 in the Chancery Court for Wilson County, Tennessee hereinafter "the lawsuit".

2. Defendant was served with copies of the Complaint and Summons through the Tennessee Secretary of State on October 6, 2016. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and papers that have been filed and served in the state court proceeding are attached hereto as <u>Exhibit 1</u>.

4. This is a civil action of which this Court has jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 in that all parties are diverse.

5. Under 28 U.S.C. § 1441(a), Defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." This is a civil action which satisfies the requirements for removal set forth in 28 U.S.C. § 1441(a).

6. Defendant asserts that federal subject matter jurisdiction exists based on diversity jurisdiction. 28 U.S.C. § 1332. That is, this is a case within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332 in that the parties are completely diverse and the "matter in controversy" exceeds $75,000. 28 U.S.C. § 1332.

7. Defendant Lexington Insurance Company is incorporated in the State of Delaware and maintains its principal place of business in Boston, Massachusetts. Defendant National Softball Association, Inc. is incorporated in the Commonwealth of Kentucky and maintains its principal place of business in Nicholasville, Kentucky. Plaintiff is a Tennessee corporation with a principal place of business in Mount Juliet, Tennessee. (Compl. ¶¶ 1, 2 and 3.) Accordingly, there is complete diversity between Plaintiff and Defendants.

8. The amount in controversy exceeds $75,000. The lawsuit is a declaratory judgment action which seeks indemnification of an amount up to and including Lexington's

policy limits of $3,000,000.00, plus attorney fees, plus a 25% statutory bad faith penalty. In addition, the lawsuit seeks cost of defense of the underlying litigation.

9. The underlying litigation for which Plaintiff seeks indemnity is a matter entitled *Kelly Moses and Michael Moses* vs. *Mount Juliet League Inc., The City of Mount Juliet Tennessee, and the National Softball Association* docket number 16cv300, which involves a claim for injury and damages that exceed $75,000. A declaration from counsel in the underlying litigation states that the claimants' damages exceed $75,000, exclusive of interests and costs. The Declaration is attached as Exhibit 2.

10. Accordingly, this Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1441 in that (a) Plaintiff and both Defendants are all citizens of different states; (b) Defendants are not citizens of the state of Tennessee and both consent to the removal; (c) the amount in controversy exceeds $75,000; and (d) this action is within the original jurisdiction of the Court pursuant to the provisions of 28 U.S.C. § 1332.

11. Defendant will file a copy of this Notice of Removal with the Clerk of the Chancery Court of Williamson County, Tennessee, pursuant to 28 U.S.C. § 1446(d). Written notice of the filing of this Notice of Removal is being given to Plaintiff's counsel pursuant to the Certificate of Service below. A copy of the Notice of Filing of Notice of Removal, excluding the exhibit (this Notice of Removal), is attached hereto as Exhibit 4.

12. By filing this Notice of Removal, Defendant does not waive, either expressly or implicitly, it's right to assert any defense that it could have asserted in the Chancery Court of Wilson County, Tennessee. All such defenses are expressly reserved.

WHEREFORE, Defendant respectfully removes this action from the Chancery Court of Wilson County, Tennessee to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

/s/ Molly A. Glover
MOLLY A. GLOVER (#016113)
130 North Court Ave.
Memphis, Tennessee 38103
mglover@bpjlaw.com
T: (901) 524-5000
F: (901) 524-5024

*Attorneys for Defendant Lexington Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing was mailed via U.S. Mail, postage prepaid, to:

Andrew Saulters
Ortale Kelley
330 Commerce Street, Ste. 110
Nashville, TN 37201

This 4th day of November, 2016.

/s/ Molly A. Glover
Molly Glover